# RESIDENTIAL RENTAL AGREEMENT

State of ALABAMA

County of _____Elmore_____

  This rental agreement made at ____Montgomery____, ALABAMA, on this _20th_ day of ____April____, _2020_, by and between Tenant(s)
_____Christy Cruse_____Valorie Pierce_____(hereinafter called "TENANT"), and Owner _Scarborough & Associates LLC_____(hereinafter called "LANDLORD"), shall provide as follows:

  1. This Rental Agreement is governed by the provisions of the Alabama Uniform Residential Landlord and Tenant Act of 2006.

  2. LOCATION: The Landlord hereby rents to the Tenant and the Tenant hereby rents from the Landlord a parcel of property located in the county of_____Elmore_____, State of ALABAMA which parcel of land with improvements will constitute the premises. Said parcel of land is more particularly described as follows:   369 Woodhaven Lane, Wetumpka, AL 36093

  3. TERMS: This Rental Agreement shall commence on the __18th__ day of____May____ 2020_, and end on the ____31st__ day of _____May_____ 2022 . Tenant covenants that upon the termination of this Rental Agreement, or any extension thereof that Tenant will quietly and peaceably deliver up possession of the premises in good order and condition, reasonable wear and tear excepted, free of Tenant's personal property, garbage and other waste, and return all keys to the Landlord.

  4. LEAD-BASED PAINT DISCLOSURE FOR MOST RESIDENTIAL PROPERTIES BUILT BEFORE 1978: See Lead-Based Paint Disclosure Addendum attached (only applies to most rental properties built before 1978.)

  5. RENTAL APPLICATION: The Tenant acknowledges that the Landlord has relied upon the rental application, a copy of which is attached hereto, as an inducement for entering into this agreement, and the Tenant warrants to the Landlord that the facts stated in the application are true to the best of Tenant's knowledge. If any facts stated in the rental application prove to be untrue, the Landlord shall have the right to terminate the residency immediately and to collect from the Tenant any damages resulting therefrom.

  6. RENT: Tenant agrees to pay Landlord a rent of $_____1,400.00_____ per month, payable in advance, on or before the first day of every month during said term for a total rent of $_____. The rent is payable to: __Scarborough & Associates LLC__ or as Tenant may be advised from time to time in writing. Tenant agrees that failure to pay rent pursuant to the terms hereof is a willful violation of this Rental Agreement.

  Tenant further agrees to pay a late fee of fee of $_____50.00_____ after the _5th_ day of the month, and an additional late fee of $_____10.00_____ per day if rent is paid after the __6th__ day of the month. Where the term of the Rental Agreement commences or terminates on a day other than the first day of the month, Tenant shall pay rent unto the Landlord in the amount of $_____46.00_____ per day for each day of the month of commencement or termination of the Rental Agreement, payable prior

*FORM 401 – Residential Lease – Long Version*
*Last Updated: 12-29-2006*
                    Page 1

InstanetFORMS

to the Tenant taking possession upon commencement of the Rental Agreement, and payable on the first day of the final month of the Rental Agreement upon termination.

7. OCCUPANTS: Only persons designated in the rental agreement or as further modified or agreed to in writing by Landlord shall reside in the rented premises. For purposes of this rental agreement the designated occupants are:
**Isabella King**
**Nolan Cruse**
**Jason Cruse**

In no event shall more than __4__ persons be allowed to occupy said premises.

8. RETURNED CHECKS: Tenant agrees to pay $ __35.00__ for each dishonored check for bookkeeping costs and handling charges, plus late charges if the check is not made good before the sixth day after the due date. All future rent and charges, if more than one check is returned, shall be paid in the form of cash, cashier's checks, certified check or money order. If any check for the security deposit or the first month's rent is returned for insufficient funds, Landlord may declare this rental agreement void and immediately terminated.

9. RENEWAL TERMS: With thirty (30) days written notice, either party may terminate this agreement at the end of the initial term, but if no notice is given, then the agreement will be extended on a month-to-month basis on the same terms and conditions contained in this agreement. Thirty (30) days written notice by either party is required prior to termination during such month-to-month term.

10. SUBLEASE: Tenant shall not assign or sublet said premises, or any part thereof without the written consent of Landlord. Tenant must have written permission from Landlord for guests to occupy the premises for more than __7__ days.

11. UTILITIES AND SERVICES: Tenant agrees to pay for utilities and services except: __N/A__ which will be paid by Landlord. In the event of Tenant default on payment of utilities Landlord may pay and charge Tenant as additional rent together with any penalties, charges and interest. Tenant shall be liable for any inspections required by local authorities/utility companies due to Tenant's failure to obtain service at time of occupancy or to maintain said service during the term of this agreement. Tenant shall pay all costs of hook-ups and connection fees and security deposits in connection with providing utilities to premises during the term of the Lease.

12. TENANT OBLIGATIONS: Tenant agrees to comply with the provisions of §35-9A-301, Code of Alabama 1975, and to keep the dwelling unit and all parts of the premises that he leases safe and clean. In the case of a single-family house or duplex, Tenant shall keep the yard mowed, watered and free of fire ants, keep the roof and gutters free of debris, the shrubs neatly trimmed, and landscaping maintained. Tenant agrees to be responsible for removal of Tenant's contagious and other hazardous materials. Tenant agrees to comply with the lease and rules and regulations the Landlord may adopt concerning the Tenants' use and occupancy of the premises;

Tenant, or any member of Tenant's family, guest or other person under the Tenant's control, shall conduct themselves in a manner that will not disturb other Tenants' and neighbors' peaceful enjoyment of the premises. Tenant, or any member of Tenant's family, guest or other person under the Tenant's control, shall not engage in or facilitate criminal or drug related activities. Any such violation

constitutes a substantial violation of the Lease and a material noncompliance with the Lease and is grounds for termination of tenancy and eviction from the premises.

It is specifically understood that Tenant will, at Tenant's expense, keep sinks, lavatories, and commodes open, reporting any initial problem within five (5) days of occupancy, repair any and all damages caused by tenancy and replace any burned out light bulbs. Tenant agrees to report to landlord any malfunction of or damage to electrical, plumbing, HVAC systems, smoke detectors, and any occurrence that may cause damage to the property. Tenant also agrees to pay for the cost of all repairs made necessary by negligence or careless use of the premises and pay for repairs and loss resulting from theft, malicious mischief or vandalism by Tenant and their guests. Tenant agrees to provide copies to Landlord of any inspection reports or repair estimates that Tenant may obtain.

Tenant agrees to be responsible for and to make at Tenant's expense all routine maintenance, including but not limited to, stoppage of sewer because of misuse or broken water pipes/fixtures due to neglect or carelessness of Tenant. No repairs, alterations or changes in or to said premises or the fixtures or appliances contained therein, shall be made except after written consent of Landlord, and shall be the responsibility of the Tenant for the cost of restoring said premises to their original condition if Tenant makes any such unauthorized modifications. NO REPAIR COSTS SHALL BE DEDUCTED FROM RENT BY TENANT. All improvements made by Tenant to the said premises shall become the property of the Landlord. Locks/deadbolts shall not be changed without the expressed permission of the Landlord.

Tenant is directly responsible for any damage caused by Tenant's appliances and/or furniture. Tenant is responsible for changing HVAC filters, reporting any water leaks, lighting pilot lights, checking for tripped breakers, changing smoke detector batteries and minor housekeeping repairs. Tenants will be held liable for damage to HVAC systems caused by dirty or missing filters and damages resulting from unreported problems. Tenant acknowledges that Tenant has inspected the premises and agrees that the premises and any common areas are safe, fit and habitable condition. Tenant acknowledges receipt of instructions of smoke detector operation.

13. MAINTENANCE OF PREMISES: Landlord agrees to make repairs and do what is necessary to keep the premises in a fit and habitable condition as specified in the Alabama Uniform Residential Landlord and Tenant Act. The Landlord further agrees to maintain in reasonably good and safe working condition, all electrical, gas, plumbing, sanitary, HVAC, smoke detectors and other facilities supplied by him. Landlord is not responsible for changing batteries in smoke detectors.

14. ESSENTIAL SERVICES AND APPLIANCES: The Landlord is required to provide essential services; meaning sanitary plumbing or sewer services; electricity; gas, where it is used for heat, hot water, or cooking; running water, and reasonable amounts of hot water and heat, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the Tenant and supplied by a direct public utility connection. The following appliances present in the dwelling unit are specifically included by this rental agreement as being deemed to be supplied by the Landlord: ☒ stove, ☒ refrigerator, ☒ dishwasher, ☒ disposal, ☐ washer, ☐ dryer, ☒ microwave, ☐ trash compactor, ☐ other: _____

15. INSURANCE: Tenant shall be responsible for insuring his/her own possessions against fire and other catastrophes.

16. RIGHT TO ACCESS: The Tenant shall not unreasonably withhold consent to the landlord to enter into the dwelling unit in order to inspect the premises; make necessary or agreed repairs, decorations, alterations, or improvements; supply necessary or agreed services; or exhibit the dwelling unit to prospective or actual purchasers, mortgagees, tenants, workmen, or contractors. The Landlord or Landlord's agent may enter the dwelling unit without consent of the Tenant in case of emergency.

The Landlord shall not abuse the right of access or use it to harass the Tenant. Except in cases of emergency or unless it is impracticable to do so, landlord shall give tenant at least 2 days notice of the landlord's intent to enter and may enter only at reasonable times. Posting on the primary door of entry to the residence of the tenant stating the intended time and purpose of the entry shall be a permitted method of notice for the purpose of the landlord's right of access to the premises.

The Landlord has no other right of access except: pursuant to court order, as permitted by the Alabama Uniform Residential Landlord and Tenant Act when accompanied by a law enforcement officer at reasonable times for the purpose of service of process in ejectment proceedings, or unless the Tenant has abandoned or surrendered the premises, or as otherwise allowed by law.

17. MILITARY CLAUSE: If the Tenant is a member of the Armed Forces of the United States, stationed in the _____N/A_____ area, and shall receive permanent change of station orders out of the _____N/A_____ area, Tenant may, upon presentation of a copy of said orders of transfer to the Landlord, along with thirty (30) days written notice of intent to vacate and payment of all rent to the expiration date of such written notice, and any miscellaneous charges in arrears, terminate this Rental Agreement. Normal enlistment termination or other type discharge from Armed Forces, unless due to conditions beyond the service member's control, or acceptance of government quarters is not a permanent change of station and is not justification for lease termination. Withholding knowledge of pending transfer or discharge at time of entry into this Rental Agreement voids any consideration or protection offered by this section.

18. DESTRUCTION OR DAMAGE TO PREMISES: If the dwelling unit or premises are damaged or destroyed by fire or casualty to the extent that normal use and occupancy of the dwelling unit is substantially impaired, the Tenant may:

(a) immediately vacate the premises and notify the Landlord in writing within fourteen days thereafter of Tenant's intention to terminate the rental agreement, in which case the rental agreement terminates as of the date of vacating; or

(b) if continued occupancy is lawful, vacate any part of the dwelling unit rendered unusable by the fire or casualty, in which case the Tenant's liability for rent is reduced in proportion to the diminution in the fair-market rental value of the dwelling unit.

Unless the fire or casualty was due to the tenant's negligence or otherwise caused by the tenant, if the rental agreement is terminated, the landlord shall return security deposit to the tenant with proper accounting as required by law. Accounting for rent in the event of termination or apportionment must be made as of the date of the fire or casualty. The Landlord shall withhold the tenant's security deposit if the fire or casualty was due to the tenant's negligence or otherwise caused by the tenant, with proper accounting as required by law.

19. CONDEMNATION: Tenant hereby waives any injury, loss or damage, or claim therefore against Landlord resulting from any exercise of a power of eminent domain of all or any part of the

rented premises or surrounding grounds of which they are a part. All awards of the condemning authority for the taking of land, parking areas, or buildings shall belong exclusively to the Landlord. In the event substantially all of the rented premises shall be taken, this Rental Agreement shall terminate as of the date the right to possession vested in the condemning authority and rent shall be apportioned as of that date. In the event any part of the property and/or building or buildings of which the rented premises are a part (whether or not the rented premises shall be affected) shall be taken as a result of the exercise of a power of eminent domain, and the remainder shall not, in the opinion of the landlord, constitute an economically feasible operating unit, Landlord may, by written notice to Tenant given within sixty (60) days after the date of taking, terminate this Rental Agreement as of a date set out in the notice not earlier than thirty (30) days after the date of the notice; rent shall be apportioned as of termination date.

20. ABSENCE, NON-USE AND ABANDONMENT: The unexplained absence of a Tenant from a dwelling unit for a period of 15 days after default in the payment of rent must be construed as abandonment of the dwelling unit. If the Tenant abandons the dwelling unit for a term beginning before the expiration of the rental agreement, it terminates as of the date of the new tenancy, subject to the other Landlord's remedies. If the Landlord fails to use reasonable efforts to rent the dwelling unit at a fair rental or if the Landlord accepts the abandonment as a surrender, the rental agreement is considered to be terminated by the Landlord as of the date the Landlord has notice of the abandonment. When a dwelling unit has been abandoned or the rental agreement has come to an end and the Tenant has removed a substantial portion of personal property or voluntarily and permanently terminated the utilities and has left personal property in the dwelling unit or on the premises, the Landlord may enter the dwelling unit, using forcible entry if required, and dispose of the property.

21. SECURITY DEPOSIT: Tenant agrees to deposit with Landlord a security deposit of $ __1,400.00__ to be held as security for the full and faithful performance by the Tenant of all terms and conditions herein, it being understood and agreed to that no part of this deposit is to be applied to any rent which may become due under this rental agreement. Upon termination of the tenancy, property or money held by the Landlord as security may be applied to the payment of accrued rent and the amount of loss of rents or damages which the Landlord has suffered by reason of the Tenant's noncompliance with this lease and the Alabama Uniform Residential Landlord and Tenant Act. Any deduction from the security deposit must be itemized by the Landlord in a written notice of the Tenant together with the amount due, if any, within 35 days after termination of the tenancy and delivery of possession and demand by the Tenant, whichever is later. This obligation is met when the landlord mails the portion of the deposit owed and/or the written notice within 35 days by first class mail or better. The Tenant shall provide the Landlord in writing with a forwarding address or new address to which the written notice and amount due from the Landlord may be sent.

22. NONCOMPLIANCE WITH RENTAL AGREEMENT OR FAILURE TO PAY RENT: If there is a noncompliance by the Tenant with the rental agreement other than nonpayment of rent or a noncompliance with Paragraph 12 above, the Landlord may deliver a written notice to the Tenant specifying the acts and omissions constituting the breach and that the rental agreement will terminate upon a date not less than 14 days after receipt of the notice, if the breach is not remedied in 14 days.

The rental agreement shall terminate as provided in the notice except that: If the breach is remediable by repairs or otherwise and the Tenant adequately remedies the breach before the date specified in the notice, or if such remedy cannot be completed within 14 days, but is commenced within the 14-day period and is pursued in good faith to completion within a reasonable time, the rental agreement shall not terminate by reason of the breach.

Mail: _____Scarborough & Associates LLC_____

___1322___ ___Old Oak Place_____

_____Montgomery_____ __AL__ __36117__

_____

Phone: _____334-322-1391_____

Other: _mariess613@gmail.com_____

36. CAPTIONS: Any heading preceding the text of any paragraph hereof is inserted solely for convenience of reference and shall not constitute a part of this Rental Agreement, nor shall they affect its meaning, construction or affect.

37. FACSIMILE AND OTHER ELECTRONIC MEANS: The parties agree that this Agreement may be communicated by use of a fax or other secure electronic means, including but not limited to electronic mail and the internet, and the signatures, initials and handwritten or typewritten modifications to any of the foregoing shall be deemed to be valid and binding upon the parties as if the original signatures, initials and handwritten or typewritten modifications were present on the documents in the handwriting of each party.

38. MEGAN'S LAW: The Tenant and Landlord agree that the Property Manager or Real Estate Broker representing Tenant or Landlord and all affiliated agents are not responsible for obtaining or disclosing any information contained in the Alabama Sex Offender Registry. The Tenant and Landlord agree that no course of action may be brought against the Property Manager or Real Estate Broker representing Tenant or Landlord and all affiliated agents for failure to obtain or disclose any information contained in the Alabama Sex Offender Registry. The Tenant agrees that the Tenant has the sole responsibility to obtain any such information. The Tenant understands that Sex Offender Registry information may be obtained from the local sheriff's department or other appropriate law enforcement officials.

39. ENTIRE AGREEMENT. This lease contains the entire agreement between the parties hereto and all previous negotiations leading thereto, and it may be modified only by a dated written agreement signed by both Landlord and Tenant. No surrender of the Premises or of the remainder of the term of this lease shall be valid unless accepted by Landlord in writing TIME IS OF THE ESSENCE WITH REGARD TO ALL TERMS AND CONDITIONS IN THIS AGREEMENT.

40. NON-RELIANCE CLAUSE: Both Tenant and Landlord hereby acknowledge that they have not received or relied nor could have relied upon any statements or representations or promises or agreements or inducements by either Broker or their agents which are not expressly stipulated herein. If not contained herein, such statements, representations, promises, or agreements shall be of no force or effect. This general non-reliance clause shall not prevent recovery in tort for fraud or negligent misrepresentation or intentional misrepresentation unless specific non-reliance language is included in this agreement. This is a non-reliance clause and is neither a merger clause nor an extension of a merger clause. The parties execute this agreement freely and voluntarily without reliance upon any statements or representations by parties or agents except as set forth herein. Parties have fully read and understand this Agreement and the meaning of its provisions. Parties are legally competent to enter into this

agreement and to fully accept responsibility. Parties have been advised to consult with counsel before entering into this agreement and have had the opportunity to do so.

41. ADDITIONAL TERMS:

The lawn is to be treated for weeds, watered and maintained.
Carpets to be professionally cleaned and invoice provided.
Home to be clean at time of walk through.

WHEREFORE, the parties have executed this Rental Agreement or caused the same to be executed by their authorized representative, the day and year first above written.

THIS RENTAL AGREEMENT supersedes all prior written or oral agreements and can be amended only through a written agreement signed by both parties. Provisions of this Rental Agreement shall bind and inure to the benefit of the Landlord and to the Tenant and their respective heirs, successors, and assigns.

**THIS IS A LEGALLY BINDING CONTRACT. IF NOT UNDERSTOOD SEEK COMPETENT LEGAL ADVICE BEFORE SIGNING.**

IN WITNESS WHEREOF, the parties hereto have subscribed their names and affixed their seals in duplicate the day and year above written.

_____      _____
Witness                                                         Christy Cruse
                                                                       Tenant

_____      _____
Witness                                                         Valorie Pierce
                                                                       Tenant

_____      Scarborough & Associates LLC
Witness                                                         Landlord

_____      _____
Witness                                                         Marie Scarborough
                                                                       Landlord's Agent

*This Form is made available as a service to the members of the Alabama Association of REALTORS®, Inc. Members should make an independent determination for the need for such a form. AAR does not recommend or endorse its use or non-use.*

FORM 401 – Residential Lease – Long Version
*Last Updated: 12-29-2006*

Page 9

Instanetforms